IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCINE D'ERRICO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NANCY A. BERRYHILL, Acting | : | NO. 17-5095 |
| Commissioner of Social Security | : | |

**MEMORANDUM**

**Padova, J.**                                                                                                          **March 29, 2019**

Plaintiff Francine D'Errico filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the administrative decision of the Acting Commissioner of Social Security denying her claim for disability insurance benefits under Title II of the Social Security Act. Pursuant to Local Rule of Civil Procedure 72.1, we referred the case to Magistrate Judge Timothy R. Rice for a Report and Recommendation ("R&R"). The Magistrate Judge recommended that Plaintiff's Request for Review be denied, and Plaintiff thereafter filed Objections to the R&R. For the reasons that follow, we overrule Plaintiff's Objections and adopt the R&R.

**I.     BACKGROUND**

Plaintiff filed an application for a disability insurance benefits on June 17, 2014. She initially alleged that she had become disabled beginning on December 15, 2005 but subsequently amended her alleged onset date to September 30, 2008. (R. 15.) The last date on which Plaintiff was insured was September 30, 2008, and thus, her entitlement to disability benefits hinges on her ability to establish that she was disabled on or before that date. (R. 15, 17.) Plaintiff claims to be disabled primarily due to back and leg problems. (R. 68.) She has not worked since September 30, 2008, when she was forty-nine years old. (R. 21.)

The Commissioner denied Plaintiff's application for benefits on August 28, 2014. (R. 67–73.) Plaintiff filed a Request for Hearing by Administrative Law Judge on September 26, 2014. (R. 82–83.) A hearing was held on February 8, 2016, at which Plaintiff and a vocational expert testified. (R. 27–61.) On March 30, 2016, the ALJ issued a decision, concluding that Plaintiff was not disabled. (R. 15–23.)

The ALJ found that Plaintiff suffered from the severe impairment of degenerative disc disease with low back pain and radiculopathy and the non-severe impairments of hypertension, hypothyroidism, attention deficit hyperactivity disorder (ADHD), and a heart murmur. (R. 17-18.) He also found, however, that none of the impairments, nor the combination of impairments, met or equaled the severity of a listed impairment. (R. 17–19.) The ALJ ultimately found that Plaintiff was not disabled because she had the residual functional capacity ("RFC") to perform work that existed in significant numbers in the national economy, namely, sedentary work that permits Plaintiff to sit or stand at will, and that is limited to routine repetitive tasks with no more than frequent reaching, handling, and fingering. (R. 19.) In reaching his RFC determination, the ALJ gave limited weight to the opinion of Dr. Andrew Ruppersberger, a treating physician, who did not begin treating Plaintiff until 2009, and explaining that the doctor's "opinions [were] not supported by specific evidence or explanation[] and [were] inconsistent with the medical evidence of record." (R. 21.) Furthermore, in concluding that sufficient jobs existed in the national economy for an individual of Plaintiff's age, education, work experience, and RFC, the ALJ classified Plaintiff as a "younger individual" because she was 49 years old on September 30, 2008. (Id.)

In her Request for Review, Plaintiff asserts, inter alia, that the ALJ: (1) improperly discounted the reports of Plaintiff's treating physician, Dr. Ruppersberger, and (2) erroneously

classified Plaintiff as a "younger individual" when she was just seven months shy of age 50. The Magistrate Judge recommends that we deny Plaintiff's Request for Review. Specifically, the Magistrate Judge recommends that: (1) the ALJ did not improperly discount Dr. Ruppersberger's opinion because that opinion was not supported by specific evidence or explanation and was inconsistent with the medical evidence in the record and (2) the ALJ properly categorized Plaintiff as a "younger individual" when considering whether significant jobs existed in the national economy. Plaintiff objects to both of these recommendations.

**II.    LEGAL STANDARD**

Judicial review of the Commissioner's final decision is limited, and the ALJ's findings of fact will not be disturbed if they are supported by substantial evidence. Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 355 (3d Cir. 2008) (citing 42 U.S.C. § 405(g)); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Brownawell, 554 F.3d at 355 (quoting Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003)) (additional citation omitted). "Where the Commissioner's findings of fact are supported by substantial evidence, courts are bound by those findings even if they would have decided the factual inquiry differently—*i.e.*, we are not permitted to weigh the evidence or substitute our own conclusions for those of the fact-finder." Gaddis v. Comm'r of Soc. Sec., 417 F. App'x 106, 107 n.3 (3d Cir. 2011) (citing Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002)). "Thus, we will uphold the Commissioner's decision even if there is contrary evidence that would justify the opposite conclusion, as long as the 'substantial evidence' standard is satisfied." Bryan

3

v. Comm'r of Soc. Sec., 383 F. App'x 140, 145 (3d Cir. 2010) (quoting Simmonds v. Heckler, 807 F.2d 54, 58 (3d Cir.1986)).

This Court reviews de novo those portions of a Magistrate Judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1). We may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. Id.

## III. DISCUSSION

### A. Dr. Ruppersberger's Opinion

Plaintiff objects to the Magistrate Judge's recommendation that substantial evidence supports the ALJ's decision to discount Dr. Ruppersberger's testimony when assessing Plaintiff's RFC. Plaintiff maintains that if the ALJ had properly credited Dr. Ruppersberger's testimony, he would have found her disabled.

The administrative record shows that Dr. Ruppersberger began treating Plaintiff on May 19, 2009. (R. 256.) On February 4, 2016, Dr. Ruppersberger completed a check-box opinion indicating, inter alia, that Plaintiff could sit and stand/walk for less than 2 hours a day, could only rarely lift and carry less than 10 pounds, could rarely climb stairs, and needed a job that would permit shifting positions at will from sitting, standing, or walking. (R. 351.) The doctor further opined that Plaintiff would sometimes need to lie down or take unscheduled breaks every 1-2 hours for 15 minutes. (R. 352.) The Doctor predicted that Plaintiff would be absent for more than three days per month, off task for at least 25% of the time she was at work, and incapable of even low stress work. (Id.)

In assessing Plaintiff's RFC, the ALJ considered Dr. Ruppersberger's opinion along with the rest of the record, including testimony at the hearing and her medical records. (R. 20-21, 186-88, 210, 248, 255, 272, 285, 336-37, 348-49, 351-52, 364-65, 382, 384, 387, 389.) The ALJ

found that the medical evidence in the record showed that Plaintiff "suffered from significant recurrent lower back and left lower extremity pain over the decade prior to [September 30, 2008]. However, the medical evidence [did] not indicate that the [Plaintiff] was unable to perform work at the sedentary level." (R. 20.) The ALJ further described Plaintiff's treatment during that time period as "largely routine[,] conservative, and not all that frequent." (Id.)

Upon considering the medical evidence and Dr. Ruppersberger's opinion, the ALJ expressly stated that he gave Dr. Ruppersberger's opinion only some weight. The ALJ explained: "Dr. Ruppersberger began treating the claimant in 2009, after the claimant's date last insured. His opinions are not supported by specific evidence or explanation, and are inconsistent with the medical evidence of record concerning the period of alleged impairment prior to the date last insured." (R. 21.)

Plaintiff argues in her Request for Review that this explanation is inadequate as it improperly discounts Dr. Ruppersberger's opinion because he did not begin treating her until 2009 and does not account for certain evidence in the record that supports Dr. Ruppersberger's opinions. In reviewing an application for disability benefits, "[a]n ALJ is required to consider all medical opinions in the record. The regulations do not carve out an exception for medical opinions which predate the alleged onset of disability." Sperring v. Berryhill, Civ. A. No. 16-1555, 2018 WL 807165, at *2 (W.D. Pa. Feb. 9, 2018) (citing 20 C.F.R. § 404.1527(c)(2)). As a general matter, "[t]reating physicians' reports should be accorded great weight, especially 'when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (quoting Rocco v. Heckler, 826 F.2d 1348, 1350 (3d Cir. 1987) and 20 C.F.R. § 404.1527(d)(2)). However, "an ALJ may reject a treating physician's opinion on the basis of contradictory medical evidence and

'may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided.'" Sternberg v. Comm'r of Soc. Sec., 438 F. App'x 89, 97 (3d Cir.2011) (quoting Plummer, 186 F.3d at 429). However, "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). The ALJ must explain why he credited some medical evidence but not other results and must "consider[ ] all of the evidence and give a reason for discounting the evidence he rejected." Johnson v. Barnhart, 66 F. App'x 285, 288–89 (3d Cir.2003) (citing Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994); and Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119–20 (3d Cir. 2000)). Ultimately, however, the ALJ, not a physician, is empowered with making the final determination regarding a claimant's RFC. See Mays v. Barnhart, 78 F. App'x 808, 813 (3d Cir. 2003); Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011); see also Brown v. Astrue, 649 F.3d 193, 196 n.2 (3d Cir. 2011) ("The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity.").

Plaintiff objects to the Magistrate Judge's Report and Recommendation insofar as it fails to recommend that the ALJ erroneously discounted Dr. Ruppersberger's opinion because Dr. Ruppersberger began treating her after September 30, 2008. Plaintiff specifically asserts that "an integral part of the ALJ's reasoning [was] that, because Dr. Ruppersberger did not treat Ms. D'Errico during the relevant period, his opinion as to her functioning during that period was deserving of less weight." (Obj. at 4.) However, nothing in the record suggests that the date that Plaintiff began treatment with Dr. Ruppersberger was "integral" to the ALJ's decision to discount Dr. Ruppersberger's testimony. Rather, upon de novo review of the record, we agree with the Magistrate Judge that the ALJ referenced the date on which Dr. Ruppersberger began treating

6

Plaintiff not as a reason for rejecting Dr. Ruppersberger's opinion but merely as background information regarding Dr. Ruppersberger's opinion. (R&R at 8 n.9.) Indeed, as the Magistrate Judge observed, the ALJ plainly limited the weight he gave to Dr. Ruppersberger's opinion because he found that it was not supported by specific evidence and was inconsistent with the objective medical evidence prior to September 30, 2008. (Id. at 8.) Thus, we reject Plaintiff's argument that the ALJ improperly relied on the 2009 treatment date in discounting Dr. Ruppersberger's opinion, and we overrule Plaintiff's objection to the Magistrate Judge's recommendation in this respect.

Plaintiff also objects to the Magistrate Judge's recommendation that the ALJ's decision to discount Dr. Ruppersberger's opinion was supported by substantial evidence, asserting that the Magistrate Judge failed to address certain objective medical evidence, including MRIs, from 2004 to 2006, that provided support for Dr. Ruppersberger's opinion. (Obj. at 5.)

However, contrary to Plaintiff's assertion, the Magistrate Judge considered this medical evidence, just as the ALJ did.[1] (R&R at 9.) Moreover, that evidence simply did not fully support Dr. Ruppersberger's opinions as it merely showed that Plaintiff was seeking medical advice related to lower back and lower extremity pain, without in any way indicating that Plaintiff was "unable to perform work at the sedentary level." (R. 20.) As the ALJ concluded, after a global review of the evidence, Plaintiff's treatment during the relevant period was "largely routine," "conservative," and "not all that frequent." (Id.) And while Plaintiff disputes the Magistrate Judge's suggestion that she did not follow up with her physicians as advised during that time, there

---

[1] While the ALJ did not specifically cite to all of the tests, courts "do not expect the ALJ to make reference to every relevant treatment note in a case where the claimant . . . has voluminous medical records." Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001).

7

is evidence to support this observation.[2] In any event, like the Magistrate Judge, we find that there is substantial evidence to support the ALJ's finding that Plaintiff's treatment during the relevant time period was conservative, routine, and not all that frequent and that the objective medical evidence does not support giving full weight to Dr. Ruppersberger's opinion.[3]

We therefore overrule Plaintiff's objections to the Magistrate Judge's recommendation that the ALJ's decision to discount Dr. Ruppersberger's opinion was supported by substantial evidence, and we adopt the Magistrate Judge's recommendation in this regard.

B. **Borderline Age Issue**

Plaintiff objects to the Magistrate Judge's Report and Recommendation insofar as it recommends that the ALJ did not err in determining that there were jobs in the national economy that Plaintiff could perform and that she was not disabled as a result. Specifically, Plaintiff

---

[2] Indeed, there is evidence that Plaintiff missed an appointment with her orthopedic surgeon in 2006 and only followed up with him four years later. (R. 197-201.)

[3] Plaintiff also objects that the Magistrate Judge has impermissibly substituted his own reasoning for that of the ALJ, setting forth reasons to discount Dr. Ruppersberger's opinion that the ALJ did not expressly articulate. (Obj. at 7.); see also Sec. & Exch. Comm'n v. Chenery Corp., 318 U.S. 80, 87 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."). We find, however, that the Magistrate Judge "properly reviewed and summarized the evidence presented to the ALJ in determining whether the ALJ's findings were supported by substantial evidence." Hild v. Astrue, Civ. A. No. 07-1648, 2008 WL 2944610, at *7 (M.D. Pa. July 28, 2008); Armbruster v. Colvin, Civ. A. No. 14-3026, 2016 WL 5930913, at *4 n.2 (E.D. Pa. Oct. 12, 2016). Plaintiff appears to "confuse[] what is prohibited by the *Chenery* doctrine . . . a substitution of a court's reasoning for that of the ALJ—with what is required in order to determine whether the ALJ's reasoning is supported by substantial evidence—a review of the record before the ALJ as whole." Id. (citing Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) ("To determine whether a finding is supported by substantial evidence, we must review the record as a whole.")). Here, the Magistrate Judge may have cited to portions of the record that the ALJ did not specifically cite in support of a particular conclusion but in doing so, he was properly reviewing the record as a whole and did not violate the *Chenery* doctrine. Accordingly, Plaintiff's objection in this regard is overruled.

objects to the recommendation that the ALJ did not err in considering how Plaintiff's age affected the jobs analysis.

In determining whether a claimant has the ability to engage in substantial gainful work which exists in the national economy, the ALJ must consider the claimant's age, education, and work experience. 42 U.S.C. § 423(d)(2)(A). To assist in this determination, the Social Security Administration has promulgated Medical-Vocational Guidelines, which include grids that consider a claimant's physical abilities, age, education, and work experience and "direct a finding of disability or lack of disability depending on the combination these factors." Kane v. Heckler, 776 F.2d 1130, 1132 (3d Cir. 1985). The age factor considers claimants who are 45-49 years old to be "younger" and those who are 50-54 years of age to be "closely approaching advanced age." See 20 C.F.R. Pt. 404, Subpt. P, App. 2; 20 C.F.R. § 404.1563(c), (d). The age category into which a claimant falls can be determinative as to whether the claimant is found disabled or not disabled.

In this case, Plaintiff argues that, although she was 49 years old on September 30, 2008, the ALJ erred in concluding that she was "younger" rather than "closely approaching advanced age" and therefore erred in finding her not to be disabled. Specifically, she argues that the ALJ should have applied a "borderline age analysis" and considered her to be "closely approaching advanced age" because she was just seven months shy of age 50.

The Magistrate Judge has recommended that we reject this argument, relying on authority from the United States Court of Appeals for the Third Circuit, which states that a "borderline" age determination is only appropriate for those who are within "a few days or months" of the next age category. Roberts v. Barnhart, 139 F. App'x 4189, 420 (3d Cir. 2005). Plaintiff objects to this recommendation, citing authority from other jurisdictions that suggest that a claimant within six

9

months of a higher age category may be considered to be within the higher age category.

We, however, agree with the Magistrate Judge that the controlling authority here is that of the Third Circuit. Moreover, applying that authority, we find that the ALJ did not err in considering Plaintiff to fall within the "younger" category in applying the Medical-Vocational Guidelines' grid. Consequently, we deny Plaintiff's objections to that aspect of the Magistrate Judge's Report and Recommendation that recommends that the ALJ did not err in that regard.

## IV. CONCLUSION

For the foregoing reasons, we overrule Plaintiff's Objections to the Report and Recommendation and adopt the Report and Recommendation that we deny Plaintiff's Request for Review. An appropriate Order follows.

BY THE COURT:


/s/ John R. Padova_____
John R. Padova, J.